Sarah L. Eversole, WSBA #36335
Wilson Smith Cochran Dickerson
1000 2nd Avenue, Suite 2050
Seattle, WA 98104
(206) 623-4100 P | (206) 623-9273 F
eversole@wscd.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AUSTIN MUTUAL INSURANCE COMPANY, a foreign insurer,<br><br>Plaintiff,<br><br>vs.<br><br>ULI'S FAMOUS SAUSAGE LLC, a Washington Limited Liability Company; and ARIEL JUAREZ GASPAR, an individual,<br><br>Defendants. | No.<br><br>COMPLAINT FOR DECLARATORY RELIEF |

## I.      NATURE OF THE ACTION

1.      This is an insurance coverage action seeking declaratory relief pursuant to RCW 7.24.010, wherein the Plaintiff, Austin Mutual Insurance Company (hereafter "AMIC") seeks a determination that there is no liability coverage available to Uli's Famous Sausage LLC (hereinafter "Uli's") under the AMIC policies issued to Uli's, for the claims asserted by Defendant Ariel Juarez Gaspar (hereinafter "Mr. Gaspar") against Uli's, resulting from a workplace injury on July 15, 2024 (hereinafter "the incident"), including the claims alleged by Mr. Gaspar in the lawsuit against Uli's in King County Superior Court, Cause No. 24-2-30050-3 sea (hereinafter "the Underlying Lawsuit").

COMPLAINT FOR DECLARATORY  RELIEF
(Cause No._____) – 1

## II. PARTIES

2.      Plaintiff AMIC is a foreign corporation. AMIC is organized under the laws of the state of Minnesota. It's principal place of business is in Jacksonville, Florida. AMIC is authorized to do business and transacts business in this district.

3.      Defendant Uli's is a Washington limited liability company organized under the laws of the state of Washington with its principal office located at 843 Rainier Avenue South, Seattle, Washington, 98144. Defendant Uli's is authorized to do business and does do business in King County, Washington.

4.      Defendant Ariel Juarez Gaspar is a resident of King County, Washington.

## III. JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of and persons to this litigation pursuant to 28 U.S.C. §1332 (a) because this action is between citizens of different states and the amount in controversy is in excess of the statutory minimum.   Further, the Court has jurisdiction pursuant to RCW 7.24.010, as the relief requested is declaratory in nature and there is a justiciable controversy between the parties.

6.      Venue is appropriate in USDC, Western District, at Seattle pursuant to 28 U.S.C. §1391(b)(1) because this matter arises out of an insurance policy issued in King County, Washington, and defendants are located in King County, Washington, which in this District.

7.      AMIC seeks declaratory relief under the Uniform Declaratory Judgments Act, RCW 7.24.010, *et seq*. AMIC asks the Court to interpret and apply the provisions of the insurance policies described below, and to make a declaration that there is no liability coverage available to Uli's under the subject AMIC policies with respect to claims arising out of the

COMPLAINT FOR DECLARATORY  RELIEF
(Cause No._____) – 2



WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

workplace injury sustained by Mr. Gaspar on July 15, 2024, including the claims asserted by Mr. Gaspar against Uli's in the Underlying Lawsuit.

## IV.  RELEVANT FACTS

### A.  The Incident

8.     On July 15, 2024, Ariel Juarez Gaspar sustained serious injury in an incident at Uli's Famous Sausage facility, when he reached his hand into a running grinding machine in an attempt to unclog the machine and his hand was caught by the machine.

### B.  Mr. Gaspar's Employment

9.     At all relevant times, Mr. Gaspar worked as a "sausage stuffer" for Uli's, and at the time of the incident, he was performing this work in the course and scope of his employment/work for Uli's, which is in the business of making sausage.

10.     From approximately August 2019 until the day of the incident, Mr. Gaspar's employment at Uli's was supplied through a company formed by Mr. Gaspar and his brother in 2019, which was registered as a Washington Limited Liability Company named Washington as "Training Stuffer Services LLC," (hereinafter "TSS").

11.     Pursuant to an oral contract between TSS and Uli's, TSS supplied labor of several people including that of Mr. Gaspar, to Uli's for the work of sausage stuffing at Uli's.

12.     TSS invoiced Uli's for the labor provided, including that of Mr. Gaspar's, and Uli's paid the invoices.

13.     At the time of the incident and at all relevant times, Mr. Gaspar's hours (40 per week) were set by Uli's, and Uli's directed and controlled Mr. Gaspar's work for Uli's.

COMPLAINT FOR DECLARATORY  RELIEF
(Cause No._____) – 3

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

14.    After the incident, Uli's was informed by the Department of Labor and Industry ("L&I") that Plaintiff had been reclassified as an injured employee who was entitled to benefits under Uli's workers' compensation policy (Title 51), and that he did not meet the criteria for "independent contractor."

15.    A July 17, 2024 email to Uli's from L&I states "In discussing the claim for Ariel Juarez Gaspar, we determined that your 2 full-time contractors, Ariel and Domingo, are under mandatory coverage as they did not pass our Independent Contractor Test."

16.    The Washington legislature, in IIA Laws of 1911, chapter 74, defines "worker" as "every person in this state who is engaged in the employment of an employer under this title, whether by way of manual labor or otherwise in the course of his or her employment; also every person in this state who is engaged in the employment of or who is working under an independent contract, the essence of which is his or her personal labor for an employer under this title, whether by way of manual labor or otherwise, in the course of his or her employment."

## C.   The Underlying Lawsuit

17.    Uli's was served with a copy of the Underlying Lawsuit on or around January 30, 2025.  A First Amended Complaint for the Underlying Lawsuit was filed in May of 2025.

18.    The operative allegations in the Underlying Lawsuit by Mr. Gaspar against Uli's include in summary part as follows:

- On or about 7/15/24, Mr. Gaspar was working as a sausage stuffer at Uli's sausage factory. Mr. Gaspar was an employee of Training Stuffer Services, LLC and considered himself a 1099 worker independent contractor and/or temporary work for Uli's.

- On the same date, another workers at the sausage factory was grinding frozen lamb in a Thompson 900 Series Mixer Mincer owned and/or controlled by Uli's.

COMPLAINT FOR DECLARATORY  RELIEF
(Cause No._____) – 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

- On that same date, Uli's Thompson 900 Series Mixer Mincer jammed multiple times.

- After Uli's Thompson 900 Series Mixer Mincer jammed for approximately the eighth time, the worker operating that machine asked Mr. Gaspar for help unjamming the machine.

- As Mr. Gaspar attempted to assist the worker operating Uli's Thompson 900 Series Mixer Mincer, his hand was pulled into that machine.

- A worker attempted to engage the emergency stop button… but the machine would not stop.  All 5 fingers and a portion of Mr. Gaspar's hand were amputated.

- Prior to Mr. Gaspar's amputation, Uli was aware that safety mechanisms on its Thompson 900 Series Mixer Mincer were broken.

- Instead of fixing the broken safety mechanisms, Uli manipulated its Thompson 900 Series Mixer Mincer to bypass the safety mechanisms that probably would have prevented Mr. Gaspar's amputation.

- As a result, Uli's Thompson 900 Series Mixer Mincer operated without necessary safety mechanisms that probably would have prevented Mr, Gaspar's amputation for over one year before Mr. Gaspar's amputation.

- Uli's also ignored and/or failed to abide by the Thompson 900 Series Mixer Mincer manual, failed to provide the manual to workers including Mr. Gaspar, and/or train workers on the use of the mincer, or maintain necessary policies/procedures and programs that would have prevented the amputation.

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

- Uli's failed to provide proper and required personal protective equipment, and failed to inspect, maintain and/or repair the mincer, and failed to warn workers, including Mr. Gaspar of the hazardous nature of the mincer.

- As a result of these and other actions/omissions, Mr. Gaspar sustained serious physical and emotional injuries, and Uli's was fined $33,600 by the Washington Department of Labor and Industries.

19.    The Underlying Lawsuit assert that Uli breached its duties, the industry standard of care, and the Washington Administrative Code, which were a proximate cause of Mr. Gaspar's injuries and damages.

20.    The Underlying Lawsuit also asserts that Uli "deliberately intended" to produce Plaintiff's injuries.

21.    The Underlying Lawsuit asserts that Uli's is liable to Mr. Gaspar for "negligence" and "gross negligence."

22.    Uli's tendered the defense of Mr. Gaspar's lawsuit to AMIC.  AMIC agreed to defend and has been defending Uli's in the Underlying Lawsuit subject to a subject to a full reservation of rights, including the right to withdraw defense and deny coverage, as well as the right to seek a judicial resolution of coverage issues.

**D.    AMIC Businessowners Policy**

23.    AMIC issued Businessowners Policy No. BPJ 0125S to Uli's (hereinafter referred to as "Liability Policy"), for a policy period of July 1, 2024 to July 1, 2025. A true and correct copy of the relevant portions of the Liability Policy, is attached hereto as **Exhibit A** and incorporated herein by reference.

COMPLAINT FOR DECLARATORY  RELIEF
(Cause No._____) – 6



WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

24.    The Liability Policy insuring agreement provides in relevant part:

**A. Coverages**

**1. Business Liability**

**a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit that may result…

25.    The Liability Policy includes the following relevant definitions for "you," "bodily injury," "employee," "leased worker," "occurrence," and "temporary worker":

Throughout this Coverage Form, the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

In Section **II** – Liability, the word "insured" means any person or organization qualifying as such under Paragraph **C.** Who Is An Insured.
…

**3**. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
…

**5**. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker"
...

**10**. "Leased worker" means a person leased to you by a labor leasing firm under an agreement be-tween you and the labor leasing firm, to per-form duties related to the conduct of your busi-ness. "Leased worker" does not include a "temporary worker".
….

**13**. "Occurrence" means an accident, including continuous or repeated exposure to substan-tially the same general harmful conditions.

COMPLAINT FOR DECLARATORY  RELIEF
(Cause No._____) – 7



WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

...

**19.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

26.    The oral agreement between Uli's and TSS gave Uli's the right to use Mr. Gaspar's services for periods of time in exchange for a fee. Accordingly, training Stuffer Services, LLC was a "labor leasing firm," under the plain meaning of that term.

27.    As Mr. Gaspar's the work (sausage stuffing) that Mr. Gaspar provided to Uli's through TSS consisted of work related to the conduct of Uli's business (sausage making), Mr. Gaspar meets the definition of "leased worker" under the Policy Language referenced above.

28.    As Mr. Gaspar was a "leased worker" at the time of the incident, he satisfies the definition of "employee" under the Liability Policy, based on the policy language referenced at Paragraph 25 above.

29.    For the reasons set forth at Paragraphs 9 through 16 above, Mr. Gaspar was an "employee" of Uli's at the time of the incident under the plain meaning of that term, and also as that term is defined under Washington labor laws.

30.    The Liability Policy includes the following exclusions, which provide in relevant part:

**B. Exclusions**

**1. Applicable to Business Liability Coverage**

This insurance does not apply to:

**a. Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured…

COMPLAINT FOR DECLARATORY  RELIEF
(Cause No._____) – 8



WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

...

**d. Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e. Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

    **(a)** Employment by the insured; or

    **(b)** Performing duties related to the conduct of the insured's business; or

**…**

This exclusion applies:

    **(1)** Whether the insured may be liable as an employer or in any other capacity; and

    **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

…

31.   To the extent Uli's is liable and awarded damages for deliberate actions by Uli's, there is no indemnity coverage for such an award under the Liability Policy based on exclusion B.1.a, referenced at Paragraph 30 above.

COMPLAINT FOR DECLARATORY  RELIEF
(Cause No._____) – 9

WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

32.     There is no coverage under the Liability Policy for any obligations owed by Uli's under Washington workers' compensation law, based on the exclusion at B.1.d., referenced at Paragraph 30 above.

33.     The Liability Policy, at Endorsement BP 01 06 03 15, modifies the Employer's Liability Exclusion (B.1.e, at Paragraph 30 above) as follows:

**B. Section II – Liability** is amended as follows:

**1.**     Paragraph **B.1.e. Employer's Liability** Exclusion applies only to "bodily injury" to  "employees" of the insured whose employment is not subject to the Industrial Insurance Act of Washington (Washington Revised Code Title 51).

With respect to "bodily injury" to "employees" of the insured whose employment is subject to the Industrial Insurance Act of Washington, Paragraph **B.1.e. Employer's Liability** is  replaced by the following:

**e. Employer's Liability**

**(1)** "Bodily injury" to an "employee" of the insured arising out of and in the course of:

**(a)** Employment by the insured; or

**(b)** Performing duties related to the conduct of the insured's business.

**(2)** Any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

34.     As Mr. Gaspar was an employee of Uli's, and the Washington Department of Labor and Industries reclassified Mr. Gaspar as an "employee" subject to Title 51, the "Employer's Liability" exclusion set forth at B.1.e in Paragraph 33 above, precludes liability coverage to Uli's in this matter.



35.    To the extent that Mr. Gaspar's employment could potentially be construed as having *not* been subject to Title 51 at the time of the incident, the exclusion at B.1.e., referenced at Paragraph 30 above, would still preclude liability coverage to Uli's for the incident.

36.    The Liability Policy provides "Stop Gap Employer's Liability Coverage, under Endorsement BP 06 74 07 13. This endorsement amends the insuring agreement in Section II referenced above, and provides liability coverage up to $1,000,000 for one accident or one employee, as follows:

**A. Coverage – Stop Gap – Employer's Liability**

**1. Insuring Agreement**

 **a.** We will pay those sums that the insured becomes legally obligated by Washington law to pay as damages because of "bodily injury by accident" or "bodily injury by disease" to your "employee" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply. We may, at our discretion, investigate any accident and settle any claim or "suit" that may result. But:

 …

 **b.** This insurance applies to "bodily injury by accident" or "bodily injury by disease" only if:

**(1)** The:

 …

 **(b)** "Bodily injury by accident" or "bodily injury by disease" arises out of and in the course of the injured "employee's" employment by you; and

 **(c)** "Employee", at the time of the injury, was covered under a workers' compensation policy and subject to a "workers' compensation law" of Washington; and

**(2)** The:

COMPLAINT FOR DECLARATORY RELIEF
(Cause No._____) – 11



WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**(a)** "Bodily injury by accident" is caused by an accident that occurs during the policy period; or

...

**c.** The damages we will pay, where recovery is permitted by law, include damages:

**(1)** For:

**(a)** Which you are liable to a third party by reason of a claim or "suit" against you by that third party to recover the damages claimed against such third party as a result of injury to your "employee";

**(b)** Care and loss of services; and

**(c)** Consequential "bodily injury by accident" or "bodily injury by disease" to a spouse, child, parent, brother or sister of the injured "employee";

provided that these damages are the direct consequence of "bodily injury by accident" or "bodily injury by disease" that arises out of and in the course of the injured "employee's" employment by you; and

**(2)** Because of "bodily injury by accident" or "bodily injury by disease" to your "employee" that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

....

37.    With respect the Employer's Stop Gap coverage referenced at Paragraph 36 above, the following definitions are added to the **Liability And Medical Expenses Definitions** section:

**1.**    "Workers' compensation law" means the Workers' Compensation Law and any Occupational Disease Law of Washington. This does not include provisions of any law providing nonoccupational disability benefits.

**2.**    "Bodily injury by accident" means bodily injury, sickness or disease sustained by a person, including death, resulting from an accident. A disease is not "bodily injury by accident" unless it results directly from "bodily injury by accident".

COMPLAINT FOR DECLARATORY RELIEF
(Cause No._____) – 12



WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**3.** "Bodily injury by disease" means a disease sustained by a person, including death. "Bodily injury by disease" does not include a disease that results directly from an accident.

….

**H**. For the purposes of this endorsement, the definition of "bodily injury" does not apply.

38.     Based on the policy language and facts set forth in the Paragraphs 9 through 16 above, Mr. Gaspar was an "employee" of Uli's at the time of the accident, and he was also subject to workers compensation law (Title 51).

39.     However, the Stop Gap coverage referenced at Paragraph 36 above, only provides liability coverage for damages 1) for which Uli's is liable to a "third party" by reason of a claim or suit against Uli's by that third party, for damages against such third party as a result of injury to Uli's "employee"; and/or for 2) "care and loss of services" and/or for 3) bodily injury or disease to a spouse, child, parent, brother or sister of the injured "employee."

40.     Mr. Gaspar's lawsuit against Uli's seeks damages for Mr. Gaspar's own injuries. The Underlying Lawsuit does not seek damages for which Uli's is liable to any *third party* as a result of injury to Uli's employee. The Underlying Lawsuit also does not seek damages for loss of care or loss of services, or damages for injury to a spouse, child, parent, brother or sister, of Mr. Gaspar. Therefore, the Stop Gap coverage does not provide liability coverage to Uli's for the claims asserted by Mr. Gaspar in the Underlying Lawsuit.

41.     Even if the Stop Gap Employer's Liability Coverage did apply (and it does not), such coverage would also be subject to exclusions as follows:

**2. Exclusions Applicable To Stop Gap – Employer's Liability Coverage**

This insurance does not apply to:

COMPLAINT FOR DECLARATORY  RELIEF
(Cause No._____) – 13



WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**a. Intentional Injury**

"Bodily injury by accident" or "bodily injury by disease" intentionally caused or aggravated by you, or "bodily injury by accident" or "bodily injury by disease" resulting from an act which is determined to have been committed by you if it is reasonable to believe that an injury is substantially certain to occur.
….

**c. Statutory Obligations**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.
….

**j. Punitive Damages**

Multiple, exemplary or punitive damages.
….

42.     Based on the facts and the applicable definitions, terms and exclusions set forth in Paragraphs 9 through 41 above, Uli's is not entitled to coverage under the AMIC Liability Policy for the claims arising from Mr. Gaspar's injury on July 15, 2024, including the claims asserted by Mr. Gaspar against Uli's in the Underlying Lawsuit.

**E.     *AMIC Umbrella Policy***

43.     AMIC issued Umbrella Policy, CUJ01255, to Uli's, for a policy period of July 1, 2024 to July 1, 2025 (hereinafter the "Umbrella Policy"). A true and correct copy of the relevant portions of the Umbrella Policy, is attached hereto as **Exhibit B** and incorporated herein by reference.

44.     The Commercial Liability Umbrella policy contains multiple provisions that are substantially the same as those contained in the Liability Policy provisions referenced above.

COMPLAINT FOR DECLARATORY  RELIEF
(Cause No._____) – 14

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

45.     The Umbrella Policy's Insuring Agreement provides in relevant part:

**SECTION I --- - COVERAGES
COVERAGE A --- - BODILY INJURY AND PROPERTY
DAMAGE LIABILITY**

**1.  Insuring Agreement**

**a.**     We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit" for which we have the duty to defend.

…

**b.** This insurance applies to "bodily injury" or "property damage" that is subject to an applicable "retained limit". If any other limit, such as a sublimit, is specified in the "underlying insurance", this insurance does not apply to "bodily injury" or "property damage" arising out of that exposure unless that limit is specified in the Declarations under the Schedule of "underlying insurance".

**c.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

46.     The Umbrella Policy contains the following definitions:

COMPLAINT FOR DECLARATORY  RELIEF
(Cause No._____) – 15

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

3.  "Bodily injury" means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

    …

6.  "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

    ..

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

    …

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

47.  For the reasons set forth at Paragraphs 9 through 16 above, and the policy language set forth at Paragraph 46 above, Mr. Gaspar was an "employee" of Uli's at the time of the incident.

48.  Umbrella Policy includes the following applicable exclusions:

2.  **Exclusions**

This insurance does not apply to:

a.  **Expected Or Intended Injury**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured….

. . .

d.  **Workers' Compensation And Similar Laws**
    Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

    …

COMPLAINT FOR DECLARATORY RELIEF
(Cause No._____) – 16

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**g.    Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:
 **(a)** Employment by the insured; or
 **(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
…

This exclusion does not apply to the extent that valid "underlying insurance" for the employer's liability risks described above exists or would have existed but for the exhaustion of underlying limits for "bodily injury". To the extent this exclusion does not apply, the insurance provided under this Coverage Part for the employer's liability risks described above will follow the same provisions, exclusions and limitations that are contained in the applicable "underlying insurance", unless otherwise directed by this insurance.

49. To the extent Uli's is liable and awarded damages for deliberate actions by Uli's, there is no indemnity coverage for such an award under the Umbrella Policy based on exclusion 2.a, referenced at Paragraph 48 above.

50. There is no coverage under the Umbrella Policy for any obligations owed by Uli's under Washington workers' compensation law, based on the exclusion at 2.d., referenced at Paragraph 48 above.

51. Because Mr. Gaspar was an "employee" of Uli's, the "Employer's Liability" exclusion at 2.g. in Paragraph 48 above, precludes liability coverage to Uli's in this matter.

52. Based on the applicable facts set forth at Paragraphs 9 through 16 above, and the applicable definitions, terms and exclusions set forth at Paragraphs 45 through 51 above, Uli's is not entitled to liability coverage under the Umbrella Policy for the incident, including the claims asserted by Mr. Gaspar against Uli's in the Underlying Lawsuit.

COMPLAINT FOR DECLARATORY RELIEF
(Cause No._____) – 17



WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## V.    CLAIM FOR DECLARATORY RELIEF

53.    AMIC hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

54.    An actual, present, and bona fide justiciable controversy exists between AMIC and the Defendants with respect to whether there is liability coverage available to Uli's under the subject AMIC policies with respect to claims against Uli's arising out the incident, including the claims asserted in the Underlying Lawsuit.

55.    A judicial declaration is necessary to establish the rights and duties, if any, of AMIC and the Defendants under the insurance policies issued by AMIC.

56.    AMIC is entitled to a declaration that there is no liability coverage available to Uli's under the subject AMIC policies with respect to the claims arising out of the incident, including the claims asserted in the Underling Lawsuit.

## VI.    PRAYER FOR RELIEF

WHEREFORE, AMIC prays for relief that includes, but is not limited to the following:

1.    A declaratory judgment that there is no liability coverage available to Uli's under the subject AMIC policies with respect to claims alleged against Uli's by Mr. Gaspar, or otherwise arising out of the injury sustained by Mr. Gaspar on July 15, 2024, including those claims alleged in the Underlying Lawsuit.

2.    A judgment in favor of AMIC for its taxable costs and disbursements herein; and

3.    For such other and further relief as the Court deems just and equitable.

COMPLAINT FOR DECLARATORY  RELIEF
(Cause No._____) – 18

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

1  DATED this 6th day of February, 2026.

2

3                            *s/ Sarah L. Eversole*
                             Sarah L. Eversole, WSBA #36335
4                            WILSON SMITH COCHRAN DICKERSON
                             1000 2nd Avenue, Suite 2050
5                            Seattle, WA  98104
                             (206) 623-4100 P | (206) 623-9273 F
6                            eversole@wscd.com
7                            Of Attorneys for Plaintiff AMIC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DECLARATORY RELIEF
(Cause No._____) – 19



WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

# Exhibit A



**MAIN STREET AMERICA** INSURANCE

**Policy Number: BPJ0125S**

## SCHEDULE OF FORMS AND ENDORSEMENTS

## AUSTIN MUTUAL INSURANCE COMPANY

Named Insured:    ULI'S FAMOUS SAUSAGE LLC            Effective Date:    07-01-2024

Agent Name:    EDGREN HECKER & LEMMON INS            Agent No.    461102

COMMON POLICY FORMS AND ENDORSEMENTS

| 64-8162 | 12-20 | POLICYHOLDER DISCL. NOTICE - TERRORISM |

**PROPERTY AND LIABILITY FORMS AND ENDORSEMENTS**

| 64-K306 | 01-14 | IMPORTANT INFORMATION FOR HOLD HARMLESS |
| BPM N 20 | 06-13 | WEBSITE RESOURCE FOR OUR POLICYHOLDERS |
| BPM D 1 | 12-07 | BUSINESSOWNERS COMMON DECLARATIONS |
| BPM D PROP | 12-07 | PROPERTY DECLARATIONS |
| BPM D LIAB | 12-07 | LIABILITY DECLARATIONS |
| BPM S FORMS | 12-07 | SCHEDULE OF FORMS AND ENDORSEMENTS |
| BPM S LOC | 12-07 | SCHEDULE OF LOCATIONS |
| *BPM N 1 | 10-08 | QUICK REFERENCE GUIDE-SECTION I-II-III |
| *BPM P 1 | 10-08 | SECTION I - PROPERTY COVERAGE FORM |
| *BPM P 2 | 12-07 | SECTION II - LIABILITY COVERAGE FORM |
| *BPM P 3 | 01-09 | SECTION III - COMMON POLICY CONDITIONS |
| 372 | 11-50 | MORTGAGEE CLAUSE |
| 438BFU | 05-42 | LENDERS LOSS PAYABLE ENDORSEMENT |
| *BP 04 60 | 01-10 | WA EMPLOYMENT-RELATED PRACTICES EXCL |
| *BP 06 69 | 01-06 | WASHINGTON FUNGI OR BACTERIA EXLCUSION |
| *BP 06 74 | 07-13 | WASHINTON-STOP-GAP-EMPLOYERS LIAB COV |
| BPM 1103WA | 10-18 | WASHINGTON MAIN LINE EXTENSION ENDORSE |
| BPM 1110WA | 10-18 | WASHINGTON-WATER BACK-UP & SUMP OVERFLOW |
| *BPM 5126 | 10-18 | WA CHANGES-EMPLOYMENT PRACTICES LIAB INS |
| IL P 048 | 07-09 | WA STATEMENT REGARDING AVAIL OF FLOOD |
| *BPM 1100 | 12-07 | BUILDINGS-EXTENDED VALUE REPLACEMENT |
| BPM 1105 | 12-07 | COMPUTER FRAUD AND FUNDS TRANSFER FRAUD |
| *BPM 1109 | 12-07 | EQUIPMENT BREAKDOWN ENHANCEMENT |
| *BPM 1115 | 12-07 | EXCLUSION OF LOSS-VIRUS OR BACTERIA |
| BPM 1120 | 12-07 | SPOILAGE COVERAGE |
| *BPM 3100 | 12-07 | NON-CONTRACTORS BLANKET ADDTL INSUREDS |
| *BPM 3107CW | 02-15 | EPLI COVERAGE ENDORSEMENT |
| *BPM 3112 | 12-07 | AMENDMENT-AGGREGATE LIMITS-PER PREMISES |
| *BPM 3137 | 04-14 | ASBESTOS EXCLUSION |
| BPM D 3107CW | 02-15 | EPLI COVERAGE ENDOR - SUPPLEMENTAL DEC |
| BP 01 06 | 03-15 | WASHINGTON CHANGES |
| *BP 04 73 | 01-06 | WASHINGTON CHANGES - DOMESTIC ABUSE |
| *BP 15 04 | 05-14 | EXC ACCESS OR DISCL OF PERSONAL INFO |
| *BP 04 54 | 01-06 | NEWLY ACQUIRED ORGANIZATIONS |
| BP 04 56 | 01-06 | UTILITY SERVICES - DIRECT DAMAGE |
| BP 04 57 | 01-06 | UTILITY SERVICES - TIME ELEMENT |
| *BP 04 97. | 01-06 | WAIVER OF TRANSFER RIGHTS |
| *BP 05 23 | 01-15 | CAP/LOSSES FROM CERTIFIED ACTS OF TERROR |
| BP 05 65 | 01-15 | COND EXCL-NUC/BIO/CHEM (DISP TRIA 2002) |
| *BP 05 98 | 01-06 | AMENDMENT-INSURED CONTRACT DEFINITION |
| *BP 06 12 | 11-13 | WASHINGTON CHANGES - DEFENSE COSTS |
| *60-K307 | 09-21 | AMIC PARTICIPATION SIGNATURE CLAUSE |

**FORM-SCHED 1207**

INSURED COPY



**Policy Number:  BPJ0125S**

## SCHEDULE OF LOCATIONS

## AUSTIN MUTUAL INSURANCE COMPANY

Named Insured:    ULI'S FAMOUS SAUSAGE LLC          Effective Date:    07-01-2024

Agent Name:    EDGREN HECKER & LEMMON INS          Agent No.    461102

| Prem. No. | Bldg. No. | Premises Address (Address, City, State, Zip Code) |
|---|---|---|
| 1 | 1 | 843 RAINIER AVE S, SEATTLE, WA, 98144-2837 |

**LOC-SCHED 1207**

INSURED COPY

POLICY NUMBER: BPJ0125S

BUSINESSOWNERS
BPM N 1 1008

# QUICK REFERENCE GUIDE
**Businessowners Coverage Form – Sections I, II, III**

### SECTION I – PROPERTY

**A - COVERAGE**

**1 – Covered Property**    1

**2 – Property Not Covered**    2

**3 – Covered Causes of Loss**    2

**4 – Limitations**    2

**5 – Additional Coverages**    3

   a. Debris Removal
   b. Preservation of Property
   c. Fire Department Service Charge
   d. Collapse
   e. Water Damage, Other Liquids, Powder or Molten Material Damage
   f. Business Income and Extra Expense
     (1) Business Income
     (2) Extended Business Income
     (3) Extra Expense
   g. Ordinance or Law - Increased Period of Restoration
   h. Pollutant Cleanup and Removal
   i. Civil Authority
   j. Money Orders & Counterfeit Money
   k. Forgery or Alteration
   l. Ordinance or Law
   m. Business Income From Dependent Properties
   n. Glass Expenses
   o. Fire Extinguisher Systems Recharge Expense
   p. Electronic Data and Computers
   q. Interruption of Computer Operations (Business Income and Extra Expense)
   r. Limited Coverage for "Fungi", Wet Rot, Dry Rot and Bacteria
   s. Reward Payment
   t. Claims Data Expense
   u. Expediting Expenses
   v. Fine Arts
   w. Business Income and Extra Expense - Newly Acquired Premises
   x. Temporary Relocation of Property
   y. Outdoor Trees, Shrubs, Plants and Lawns

**6 - Coverage Extensions**    16

   a. Newly Acquired or Constructed Property
   b. Personal Property Off Premises
   c. Outdoor Property
   d. Personal Effects
   e. Valuable Papers & Records
   f. Accounts Receivable
   g. Theft Damage to Building
   h. Non-Owned Detached Trailers
   i. Appurtenant Buildings and Structures
   j. Lease Assessment
   k. Leasehold Improvements
   l. Lock & Key Replacement
   m. Employee Dishonesty & ERISA
   n. Outdoor Signs
   o. Money & Securities
   p. Limited Spoilage Coverage

**B – EXCLUSIONS**    24

**C – LIMITS OF INSURANCE**    28

   1. Limit in Section 1 – Property
   2. Inflation Guard
   3. Business Personal Property Limit- Seasonal Increase

**D – DEDUCTIBLES**    29

**E – PROPERTY LOSS CONDITIONS**    29

**F – PROPERTY GENERAL CONDITIONS**    33

   1. Control of Property
   2. Mortgageholders
   3. No Benefit to Bailee
   4. Policy Period, coverage Territory
   5. Coinsurance

**G – OPTIONAL COVERAGE**    34

**H – PROPERTY DEFINITIONS**    34

INSURED COPY

POLICY NUMBER: BPJ0125S

**BUSINESSOWNERS**
**BPM N 1  1008**

**SECTION II - LIABILITY**

**A.  COVERAGES    1**

1. Business Liability and Supplementary Payments
2. Medical Expenses

**B.  EXCLUSIONS    3**

1. Applicable to Business Liability

2. Applicable to Medical Expenses

3. Applicable to Both Business Liability and Medical Expenses Coverage– Nuclear Energy Liability Exclusion

**C.  WHO IS AN INSURED    10**

**D.  LIABILITY AND MEDICAL EXPENSES LIMITS OF INSURANCE    10**

**E.  LIABILITY AND MEDICAL EXPENSES GENERAL CONDITIONS    11**

**F.  LIABILITY AND MEDICAL EXPENSES DEFINITIONS    12**

**SECTION III – COMMON POLICY CONDITIONS**

**A – CANCELLATION    1**

**B – CHANGE    1**

**C – CONCEALMENT, MISREPRESENTATION OR FRAUD    1**

**D – EXAMINATION OF YOUR BOOKS AND RECORDS    2**

**E – INSPECTIONS AND SURVEYS    2**

**F – INSURANCE UNDER TWO OR MORE COVERAGES    2**

**G – LIBERALIZATION    2**

**H – OTHER INSURANCE    2**

**I – PREMIUMS    2**

**J – PREMIUM AUDIT    2**

**K – TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US    3**

**L – TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY  3**

INSURED COPY

# BUSINESSOWNERS COVERAGE FORM

### SECTION II — LIABILITY

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this Coverage Form the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

In Section **II** — Liability, the word "insured" means any person or organization qualifying as such under Paragraph **C.** Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to I —Paragraph **F.** Liability And Medical Expenses Definitions in Section **II** — Liability.

**A. Coverages**

  **1. Business Liability**

  **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

  **(1)** The amount we will pay for damages is limited as described in Paragraph **D.** — Liability And Medical Expenses Limits Of Insurance in Section **II** — Liability; and

  **(2)** Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.

  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph **f.** Coverage Extension — Supplementary Payments.

  **b.** This insurance applies:

  **(1)** To "bodily injury" and "property damage" only if:

  **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

  **(b)** The "bodily injury" or "property damage" occurs during the policy period; and

  **(c)** Prior to the policy period, no insured listed under Paragraph **C.1.** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

  **(2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

  **c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **C.1.** Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of "bodily injury" or "property damage" after the end of the policy period.

  **d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **C.1.** Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

 Includes copyrighted material of ISO, Inc. with permission.    ☐

INSURED COPY

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**f. Coverage Extension — Supplementary Payments**

**(1)** We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

**(a)** All expenses we incur.

**(b)** Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which Business Liability Coverage for "bodily injury" applies. We do not have to furnish these bonds.

**(c)** The cost of bonds to release attachments, but only for bond amounts within our Limit of Insurance. We do not have to furnish these bonds.

**(d)** All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

**(e)** All costs taxed against the insured in the "suit".

**(f)** Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

**(g)** All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the limit of liability.

**(2)** If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

**(a)** The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

**(b)** This insurance applies to such liability assumed by the insured;

**(c)** The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

**(d)** The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

**(e)** The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

**(f)** The indemnitee:

**(i)** Agrees in writing to:

i. Cooperate with us in the investigation, settlement or defense of the "suit";

ii. Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

iii. Notify any other insurer whose coverage is available to the indemnitee; and

iv. Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

**(ii)** Provides us with written authorization to:

i. Obtain records and other information related to the "suit"; and

ii. Conduct and control the defense of the indemnitee in such "suit".

**Includes copyrighted material of ISO, Inc. with permission.**

INSURED COPY

**(3)** So long as the conditions in Paragraph **(2)** are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of Paragraph **B.1.b.(2)** Exclusions in Section II — Liability, such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the Limits of Insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when:

**(a)** We have used up the applicable Limit of Insurance in the payment of judgments or settlements; or

**(b)** The conditions set forth above, or the terms of the agreement described in Paragraph **(2)(f)** above are no longer met.

**2. Medical Expenses**

**a.** We will pay medical expenses as described below for "bodily injury" caused by an accident:

**(1)** On premises you own or rent;

**(2)** On ways next to premises you own or rent; or

**(3)** Because of your operations;

provided that:

**(a)** The accident takes place in the "coverage territory" and during the policy period;

**(b)** The expenses are incurred and reported to us within one year of the date of the accident; and

**(c)** The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

**b.** We will make these payments regardless of fault. These payments will not exceed the Limits of Insurance of Section II — Liability. We will pay reasonable expenses for:

**(1)** First aid administered at the time of an accident;

**(2)** Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

**(3)** Necessary ambulance, hospital, professional nursing and funeral services.

**B. Exclusions**

**1. Applicable To Business Liability Coverage**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

**c. Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

**(1)** Causing or contributing to the intoxication of any person;

**(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

INSURED COPY

**(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

**d. Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e. Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

  **(a)** Employment by the insured; or

  **(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies:

**(1)** Whether the insured may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

**f. Pollution**

**(1)** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

  **(a)** At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

    **(i)** "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests;

  **(ii)** "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

  **(iii)** "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire";

**(b)** At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

**(c)** Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:

  **(i)** Any insured; or

  **(ii)** Any person or organization for whom you may be legally responsible; or

**(d)** At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor. However, this subparagraph does not apply to:

Includes copyrighted material of ISO, Inc. with permission.    BPM P 2 1207

INSURED COPY

**(b)** Designing or determining content of web-sites for others; or

**(c)** An Internet search, access, content or service provider.

However, this exclusion does not apply to Paragraphs **14.a., b.** and **c.** of "personal and advertising injury" under Paragraph **F.** Liability And Medical Expenses Definitions.

For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for you or others anywhere on the Internet, by itself, is not considered the business of advertising, broadcasting, publishing or telecasting.

**(9)** Arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time;

**(10)** With respect to any loss, cost or expense arising out of any:

**(a)** Request, demand or order that any insured or others test for, monitor, clean-up, remove, contain, treat, detoxify or neutralize or in any way respond to, or assess the effects of, "pollutants"; or

**(b)** Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing or in any way responding to, or assessing the effects of, "pollutants".

**(11)** Arising out of an electronic chatroom or bulletin board the insured hosts, owns or over which the insured exercises control;

**(12)** Arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

**(13)** Arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatags, or any other similar tactics to mislead another's potential customers.

**q. Electronic Data**

Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**r. Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

**s. Distribution Of Material In Violation Of Statutes**

"Bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**(3)** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

Exclusions **c., d., e., f., g., h., i., k., l., m., n.** and **o.** in Section **II** — Liability do not apply to damage by fire to premises while rented to you, or temporarily occupied by you with permission of the owner. A separate Damage To Premises Rented To You Limit of Insurance applies to this coverage as described in Paragraph **D.** Liability And Medical Expenses Limits of Insurance in Section **II** — Liability.

**2. Applicable To Medical Expenses Coverage**

We will not pay expenses for "bodily injury":

**a.** To any insured, except "volunteer workers".

**b.** To a person hired to do work for or on behalf of any insured or a tenant of any insured.

**c.** To a person injured on that part of premises you own or rent that the person normally occupies.

**d.** To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

    Includes copyrighted material of ISO, Inc. with permission.    BPM P 2 1207

INSURED COPY

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation, or settlement of the claim or defense against the "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**3. Legal Action Against Us**

No person or organization has a right under this policy:

**a.** To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

**b.** To sue us on this policy unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this policy or that are in excess of the applicable Limit of Insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

**4. Separation Of Insureds**

Except with respect to the Limits of Insurance of Section **II** — Liability, and any rights or duties specifically assigned in this policy to the first Named Insured, this insurance applies:

**a.** As if each Named Insured were the only Named Insured; and

**b.** Separately to each insured against whom claim is made or "suit" is brought.

**F. Liability And Medical Expenses Definitions**

**1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

**a.** Notices that are published include material placed on the Internet or on similar electronic means of communication; and

**b.** Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

**2.** "Auto" means:

**a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

**b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance or motor vehicle registration law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**4.** "Coverage territory" means:

**a.** The United States of America (including its territories and possessions), Puerto Rico and Canada;

**Includes copyrighted material of ISO, Inc. with permission.**    BPM P 2 1207

INSURED COPY

**b.** International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in Paragraph **a.** above; or

**c.** All other parts of the world if the injury or damage arises out of:

   **(1)** Goods or products made or sold by you in the territory described in Paragraph **a.** above;

   **(2)** The activities of a person whose home is in the territory described in Paragraph **a.** above, but is away for a short time on your business; or

   **(3)** "Personal and advertising injury" offenses that take place through the Internet or similar electronic means of communication;

   provided the insured's responsibility to pay damages is determined in a "suit" on the merits in the territory described in Paragraph **a.** above or in a settlement we agree to.

**5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**6.** "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

**7.** "Hostile fire" means one which becomes uncontrollable or breaks out from where it was intended to be.

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

**a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

**b.** You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

   **(1)** The repair, replacement, adjustment or removal of "your product" or "your work"; or

   **(2)** Your fulfilling the terms of the contract or agreement.

**9.** "Insured contract" means:

**a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

**b.** A sidetrack agreement;

**c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**e.** An elevator maintenance agreement;

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph **f.** does not include that part of any contract or agreement:

   **(1)** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road beds, tunnel, underpass or crossing;

   **(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

      **(a)** Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

      **(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

   **(3)** Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in Paragraph **(2)** above and supervisory, inspection or engineering services.

**10.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

INSURED COPY

11. "Loading or unloading" means the handling of property:

   **a.** After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

   **b.** While it is in or on an aircraft, watercraft or "auto"; or

   **c.** While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

12. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

   **a.** Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

   **b.** Vehicles maintained for use solely on or next to premises you own or rent;

   **c.** Vehicles that travel on crawler treads;

   **d.** Vehicles, whether self-propelled or not, on which are permanently mounted:

      **(1)** Power cranes, shovels, loaders, diggers or drills; or

      **(2)** Road construction or resurfacing equipment such as graders, scrapers or rollers;

   **e.** Vehicles not described in Paragraph **a.**, **b.**, **c.** or **d.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

      **(1)** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

      **(2)** Cherry pickers and similar devices used to raise or lower workers;

   **f.** Vehicles not described in Paragraph **a.**, **b.**, **c.** or **d.** above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

      **(1)** Equipment designed primarily for:

         **(a)** Snow removal;

         **(b)** Road maintenance, but not construction or resurfacing; or

         **(c)** Street cleaning;

      **(2)** Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

      **(3)** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

However, "mobile equipment" does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance or motor vehicle registration law where they are licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   **a.** False arrest, detention or imprisonment;

   **b.** Malicious prosecution;

   **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

   **f.** The use of another's advertising idea in your "advertisement"; or

   **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

16. "Products-completed operations hazard":

   **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

Includes copyrighted material of ISO, Inc. with permission.
BPM P 2 1207

INSURED COPY

POLICY NUMBER: BPJ0125S

**BUSINESSOWNERS**
**BP 06 74 07 13**

### THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# WASHINGTON – STOP GAP – EMPLOYER'S LIABILITY COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

### SCHEDULE

| Bodily Injury By Accident | Bodily Injury By Disease | |
|---|---|---|
| Each Accident | Each Employee | Aggregate |
| $1,000,000 | $1,000,000 | $2,000,000 |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | | |

**Section II – Liability** is amended as follows:

**A. Coverage – Stop Gap – Employer's Liability**

  **1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated by Washington law to pay as damages because of "bodily injury by accident" or "bodily injury by disease" to your "employee" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply. We may, at our discretion, investigate any accident and settle any claim or "suit" that may result. But:

      **(1)** The amount we will pay for damages is limited as described in Paragraph **D.** Liability And Medical Expenses Limits Of Insurance; and

      **(2)** Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements under this coverage.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

    **b.** This insurance applies to "bodily injury by accident" or "bodily injury by disease" only if:

      **(1)** The:

        **(a)** "Bodily injury by accident" or "bodily injury by disease" takes place in the "coverage territory";

        **(b)** "Bodily injury by accident" or "bodily injury by disease" arises out of and in the course of the injured "employee's" employment by you; and

        **(c)** "Employee", at the time of the injury, was covered under a workers' compensation policy and subject to a "workers' compensation law" of Washington; and

      **(2)** The:

        **(a)** "Bodily injury by accident" is caused by an accident that occurs during the policy period; or

        **(b)** "Bodily injury by disease" is caused by or aggravated by conditions of employment by you, and the injured "employee's" last day of last exposure to the conditions causing or aggravating such "bodily injury by disease" occurs during the policy period.

© Insurance Services Office, Inc., 2012
INSURED COPY

c. The damages we will pay, where recovery is permitted by law, include damages:

   **(1)** For:

   **(a)** Which you are liable to a third party by reason of a claim or "suit" against you by that third party to recover the damages claimed against such third party as a result of injury to your "employee";

   **(b)** Care and loss of services; and

   **(c)** Consequential "bodily injury by accident" or "bodily injury by disease" to a spouse, child, parent, brother or sister of the injured "employee";

   provided that these damages are the direct consequence of "bodily injury by accident" or "bodily injury by disease" that arises out of and in the course of the injured "employee's" employment by you; and

   **(2)** Because of "bodily injury by accident" or "bodily injury by disease" to your "employee" that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

**2. Exclusions Applicable To Stop Gap – Employer's Liability Coverage**

This insurance does not apply to:

**a. Intentional Injury**

"Bodily injury by accident" or "bodily injury by disease" intentionally caused or aggravated by you, or "bodily injury by accident" or "bodily injury by disease" resulting from an act which is determined to have been committed by you if it is reasonable to believe that an injury is substantially certain to occur.

**b. Fines Or Penalties**

Any assessment, penalty or fine levied by any regulatory inspection agency or authority.

**c. Statutory Obligations**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**d. Contractual Liability**

Liability assumed by you under any contract or agreement.

**e. Violation Of Law**

"Bodily injury by accident" or "bodily injury by disease" suffered or caused by any employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your "executive officers".

**f. Termination, Coercion Or Discrimination**

Damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any "employee", or arising out of other employment or personnel decisions concerning the insured.

**g. Failure To Comply With Workers' Compensation Law**

"Bodily injury by accident" or "bodily injury by disease" to an "employee" when you are:

**(1)** Deprived of common law defenses; or

**(2)** Otherwise subject to penalty;

because of your failure to secure your obligations or other failure to comply with any "workers' compensation law".

**h. Violation Of Age Laws Or Employment Of Minors**

"Bodily injury by accident" or "bodily injury by disease" suffered or caused by any person:

**(1)** Knowingly employed by you in violation of any law as to age; or

**(2)** Under the age of 14 years, regardless of any such law.

**i. Federal Laws**

Any premium, assessment, penalty, fine, benefit, liability or other obligation imposed by or granted pursuant to:

**(1)** The Federal Employer's Liability Act (45 USC Sections 51-60);

**(2)** The Nonappropriated Fund Instrumentalities Act (5 USC Sections 8171-8173);

**(3)** The Longshore and Harbor Workers' Compensation Act (33 USC Sections 910-950);

**(4)** The Outer Continental Shelf Lands Act (43 USC Sections 1331-1356);

**(5)** The Defense Base Act (42 USC Sections 1651-1654);

© Insurance Services Office, Inc., 2012
INSURED COPY

BP 06 74 07 13

(6) The Federal Coal Mine Health and Safety Act of 1969 (30 USC Sections 901-942);

(7) The Migrant and Seasonal Agricultural Worker Protection Act (29 USC Sections 1801-1872);

(8) Any other workers' compensation, unemployment compensation or disability laws or any similar law; or

(9) Any subsequent amendments to the laws listed above.

**j.  Punitive Damages**

Multiple, exemplary or punitive damages.

**k.  Crew Members**

"Bodily injury by accident" or "bodily injury by disease" to a master or member of the crew of any vessel or any member of the flying crew of an aircraft.

**B.** The **Coverage Extension – Supplementary Payments** provisions apply to **Stop Gap – Employer's Liability Coverage** as well as to **Business Liability Coverage.**

**C.** For the purposes of this endorsement, Paragraph **C. Who Is An Insured** is replaced by the following:

**C.  Who Is An Insured**

If you are designated in the Declarations as:

1. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

2. A partnership or joint venture, you are an insured. Your members, your partners and their spouses are also insureds, but only with respect to the conduct of your business.

3. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

4. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

5. A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

**D.** For the purposes of this endorsement, Paragraph **D. Liability And Medical Expenses Limits Of Insurance** is replaced by the following:

**D.  Liability And Medical Expenses Limits Of Insurance**

1. The Limits Of Insurance shown in the Schedule of this endorsement and the rules below fix the most we will pay regardless of the number of:

   **a.** Insureds;

   **b.** Claims made or "suits" brought; or

   **c.** Persons or organizations making claims or bringing "suits".

2. The "Bodily Injury By Accident" – Each Accident Limit shown in the Schedule of this endorsement is the most we will pay for all damages covered by this insurance because of "bodily injury by accident" to one or more "employees" in any one accident.

3. The "Bodily Injury By Disease" – Aggregate Limit shown in the Schedule of this endorsement is the most we will pay for all damages covered by this insurance and arising out of "bodily injury by disease", regardless of the number of "employees" who sustain "bodily injury by disease".

4. Subject to Paragraph **D.3.** of this endorsement, the "Bodily Injury By Disease" – Each "Employee" Limit shown in the Schedule of this endorsement is the most we will pay for all damages because of "bodily injury by disease" to any one "employee".

The limits of the coverage apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

© Insurance Services Office, Inc., 2012
INSURED COPY

**E.** For the purposes of this endorsement,    Condition **2. Duties In The Event Of Occurrence, Offense, Claim Or Suit** of the **Liability And Medical Expenses General Conditions** is replaced by the following:

    **2. Duties In The Event Of Injury, Claim Or Suit**

      **a.** You must see to it that we or our agent is notified as soon as practicable of a "bodily injury by accident" or "bodily injury by disease" which may result in a claim. To the extent possible, notice should include:

        **(1)** How, when and where the "bodily injury by accident" or "bodily injury by disease" took place;

        **(2)** The names and addresses of any injured persons and witnesses; and

        **(3)** The nature and location of any injury.

      **b.** If a claim is made or "suit" is brought against any insured, you must:

        **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

        **(2)** Notify us as soon as practicable.

        You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

      **c.** You and any other involved insured must:

        **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the injury, claim, proceeding or "suit";

        **(2)** Authorize us to obtain records and other information;

        **(3)** Cooperate with us and assist us, as we may request, in the investigation or settlement of the claim or defense against the "suit";

        **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury to which this insurance may also apply; and

        **(5)** Do nothing after an injury occurs that would interfere with our right to recover from others.

      **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation or incur any expense, other than for first aid, without our consent.

**F.** For the purposes of this endorsement,    Paragraph **4.** of the **Liability And Medical Expenses Definitions** section is replaced by the following:

    **4.** "Coverage territory" means:

      **a.** The United States of America (including its territories and possessions), Puerto Rico and Canada;

      **b.** International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in **a.** above; or

      **c.** All other parts of the world if the injury or damage arises out of the activities of a person whose home is in the territory described in **a.** above, but who is away for a short time on your business;

    provided the insured's responsibility to pay damages is determined in the United States (including its territories and possessions), Puerto Rico or Canada, in a suit on the merits according to the substantive law in such territory, or in a settlement we agree to.

**G.** The following are added to the **Liability And Medical Expenses Definitions** section:

    **1.** "Workers' compensation law" means the Workers' Compensation Law and any Occupational Disease Law of Washington. This does not include provisions of any law providing nonoccupational disability benefits.

    **2.** "Bodily injury by accident" means bodily injury, sickness or disease sustained by a person, including death, resulting from an accident. A disease is not "bodily injury by accident" unless it results directly from "bodily injury by accident".

    **3.** "Bodily injury by disease" means a disease sustained by a person, including death. "Bodily injury by disease" does not include a disease that results directly from an accident.

**H.** For the purposes of this endorsement, the definition of "bodily injury" does not apply.

© Insurance Services Office, Inc., 2012
INSURED COPY

# Exhibit B

## POLICYWRITING INDEX

| INSURED ID | POLICY NUMBER | PREVIOUS POLICY NUMBER | EFFECTIVE DATE - EXPIRATION DATE |
|---|---|---|---|
| 2116171 | CUJ0125S | CUJ0125S | 07-01-2024      07-01-2025 |

```
COMPUTER PRODUCED FORMS

64-8162             12-20 POLICYHOLDER DISCL. NOTICE - TERRORISM
CO-DEC              01-97 COMMON POLICY DECLARATIONS
CU-DEC              09-00 COMMERCIAL UMBRELLA LIABILITY DEC
UM 0041             04-00 COMM UMBRELLA LIAB SUPPL SCHEDULE
64-5960             10-06 PRIVACY NOTICE
IL 01 23            11-13 WASHINGTON CHANGES - DEFENSE COSTS
IL 01 46            08-10 WASHINGTON COMMON POLICY CONDITIONS
IL 01 98            09-08 NUCLEAR ENERGY LIABILITY EXCLUSION
NI-SCHED            01-97 SCHEDULE OF NAMED INSURED(S)
FORM-SCHED          01-97 SCHEDULE OF FORMS AND ENDORSEMENTS
60-K307             09-21 AMIC PARTICIPATION SIGNATURE CLAUSE
CU 01 21            09-00 WASHINGTON CHANGES
CU 21 86            05-14 EXCL-ACC/DISC OF PI W/ LTD BI EXCEPTION
CU 26 77            12-04 WASHINGTON - FUNGI OR BACTERIA EXCLUSION
64-8736             08-10 ASBESTOS EXCLUSION
CU 00 01            04-13 COMMERCIAL LIAB UMBRELLA COVERAGE FORM
CU 21 30            01-15 CAP ON LOSSES - CERT ACTS OF TERRORISM
CU P 012            04-13 2012 COMM LIAB UM MS FORM REV ADV NOTICE
64-N757             11-07 WATERCRAFT LIABILITY EXCLUSION
CU P 013            05-14 ACC/DISC OF CONFI OR PERS INFO ADV NOT
```



**Policy Number**
**CUJ0125S**

**SCHEDULE OF FORMS AND ENDORSEMENTS**

## AUSTIN MUTUAL INSURANCE COMPANY

| Named Insured | ULI'S FAMOUS SAUSAGE, LLC | Effective Date: | 07-01-24 |
|---|---|---|---|

12:01 A.M., Standard Time

| Agent Name | EDGREN HECKER & LEMMON INS | Agent No. | 461102 |
|---|---|---|---|

COMMON POLICY FORMS AND ENDORSEMENTS

```
  64-8162           12-20     POLICYHOLDER DISCL. NOTICE - TERRORISM
  CO-DEC            01-97     COMMON POLICY DECLARATIONS
  CU-DEC            09-00     COMMERCIAL UMBRELLA LIABILITY DEC
  UM 0041           04-00     COMM UMBRELLA LIAB SUPPL SCHEDULE
  64-5960           10-06     PRIVACY NOTICE
 *IL 01 23          11-13     WASHINGTON CHANGES - DEFENSE COSTS
 *IL 01 46          08-10     WASHINGTON COMMON POLICY CONDITIONS
 *IL 01 98          09-08     NUCLEAR ENERGY LIABILITY EXCLUSION
  NI-SCHED          01-97     SCHEDULE OF NAMED INSURED(S)
  FORM-SCHED        01-97     SCHEDULE OF FORMS AND ENDORSEMENTS
 *60-K307           09-21     AMIC PARTICIPATION SIGNATURE CLAUSE
```

UMBRELLA FORMS AND ENDORSEMENTS

```
 *CU 01 21          09-00     WASHINGTON CHANGES
 *CU 21 86          05-14     EXCL-ACC/DISC OF PI W/ LTD BI EXCEPTION
  CU 26 77          12-04     WASHINGTON - FUNGI OR BACTERIA EXCLUSION
 *64-8736           08-10     ASBESTOS EXCLUSION
 *CU 00 01          04-13     COMMERCIAL LIAB UMBRELLA COVERAGE FORM
 *CU 21 30          01-15     CAP ON LOSSES - CERT ACTS OF TERRORISM
 *64-N757           11-07     WATERCRAFT LIABILITY EXCLUSION
```

* THESE FORMS ARE PART OF THIS POLICY BUT ARE NOT PRINTED

**FORM-SCHED (01/97)**

INSURED COPY

COMMERCIAL LIABILITY UMBRELLA
CU 00 01 04 13

# COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

## SECTION I – COVERAGES

### COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1. Insuring Agreement**

**a.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit" for which we have the duty to defend. But:

**(1)** The amount we will pay for the "ultimate net loss" is limited as described in Section III – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" or "property damage" that is subject to an applicable "retained limit". If any other limit, such as a sublimit, is specified in the "underlying insurance", this insurance does not apply to "bodily injury" or "property damage" arising out of that exposure unless that limit is specified in the Declarations under the Schedule of "underlying insurance".

**c.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.a.** of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**d.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.a.** of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

INSURED COPY

e. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.a.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

f. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

**c. Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:

(a) The supervision, hiring, employment, training or monitoring of others by that insured; or

(b) Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;

if the "occurrence" which caused the "bodily injury" or "property damage" involved that which is described in Paragraph **(1)**, **(2)** or **(3)** above.

However, this exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages. For the purposes of this exclusion, permitting a person to bring alcoholic beverages on your premises, for consumption on your premises, whether or not a fee is charged or a license is required for such activity, is not by itself considered the business of selling, serving or furnishing alcoholic beverages.

This exclusion does not apply to the extent that valid "underlying insurance" for the liquor liability risks described above exists or would have existed but for the exhaustion of underlying limits for "bodily injury" and "property damage". To the extent this exclusion does not apply, the insurance provided under this Coverage Part for the liquor liability risks described above will follow the same provisions, exclusions and limitations that are contained in the applicable "underlying insurance", unless otherwise directed by this insurance.

© Insurance Services Office, Inc., 2012  **CU 00 01 04 13**

INSURED COPY

**d. Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e. ERISA**

Any obligation of the insured under the Employee Retirement Income Security Act of 1974 (ERISA), and any amendments thereto or any similar federal, state or local statute.

**f. Auto Coverages**

**(1)** "Bodily injury" or "property damage" arising out of the ownership, maintenance or use of any "auto" which is not a "covered auto"; or

**(2)** Any loss, cost or expense payable under or resulting from any first-party physical damage coverage; no-fault law; personal injury protection or auto medical payments coverage; or uninsured or underinsured motorist law.

**g. Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

**(a)** Employment by the insured; or

**(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

With respect to injury arising out of a "covered auto", this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits. For the purposes of this insurance, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

This exclusion does not apply to the extent that valid "underlying insurance" for the employer's liability risks described above exists or would have existed but for the exhaustion of underlying limits for "bodily injury". To the extent this exclusion does not apply, the insurance provided under this Coverage Part for the employer's liability risks described above will follow the same provisions, exclusions and limitations that are contained in the applicable "underlying insurance", unless otherwise directed by this insurance.

**h. Employment-related Practices**

"Bodily injury" to:

**(1)** A person arising out of any:

**(a)** Refusal to employ that person;

**(b)** Termination of that person's employment; or

**(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or

**(2)** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph **(a)**, **(b)**, or **(c)** above is directed.

This exclusion applies whether the injury-causing event described in Paragraph **(a)**, **(b)** or **(c)** above occurs before employment, during employment or after employment of that person.

This exclusion applies whether the insured may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

**i. Pollution**

**(1)** "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time; or

**(2)** "Pollution cost or expense".

 © Insurance Services Office, Inc., 2012

INSURED COPY

## SECTION V – DEFINITIONS

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

   a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

   b. Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

2. "Auto" means:

   a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

   b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

      However, "auto" does not include "mobile equipment".

3. "Bodily injury" means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

4. "Coverage territory" means anywhere in the world with the exception of any country or jurisdiction which is subject to trade or other economic sanction or embargo by the United States of America.

5. "Covered auto" means only those "autos" to which "underlying insurance" applies.

6. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

7. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, bylaws or any other similar governing document.

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work", or your fulfilling the terms of the contract or agreement.

9. "Insured contract" means:

   a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

   b. A sidetrack agreement;

   c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

   d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

   e. An elevator maintenance agreement;

   f. That part of any contract or agreement entered into, as part of your business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees".

   g. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

   Paragraphs f. and g. do not include that part of any contract or agreement:

   (1) That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

   (2) That pertains to the loan, lease or rental of an "auto" to you or any of your "employees", if the "auto" is loaned, leased or rented with a driver; or

INSURED COPY

**(3)** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a "covered auto" over a route or territory that person or organization is authorized to serve by public authority.

**10.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**11.** "Loading or unloading" means the handling of property:

**a.** After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

**b.** While it is in or on an aircraft, watercraft or "auto"; or

**c.** While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

**12.** "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

**a.** Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

**b.** Vehicles maintained for use solely on or next to premises you own or rent;

**c.** Vehicles that travel on crawler treads;

**d.** Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

**(1)** Power cranes, shovels, loaders, diggers or drills; or

**(2)** Road construction or resurfacing equipment such as graders, scrapers or rollers;

**e.** Vehicles not described in Paragraph **a., b., c.** or **d.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

**(1)** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

**(2)** Cherry pickers and similar devices used to raise or lower workers;

**f.** Vehicles not described in Paragraph **a., b., c.** or **d.** above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

**(1)** Equipment designed primarily for:

**(a)** Snow removal;

**(b)** Road maintenance, but not construction or resurfacing; or

**(c)** Street cleaning;

**(2)** Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

**(3)** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

However, "mobile equipment" does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;

**b.** Malicious prosecution;

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

© Insurance Services Office, Inc., 2012

INSURED COPY

b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent or the "underlying insurer's" consent.

22. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

23. "Ultimate net loss" means the total sum, after reduction for recoveries or salvages collectible, that the insured becomes legally obligated to pay as damages by reason of settlement or judgments or any arbitration or other alternate dispute method entered into with our consent or the "underlying insurer's" consent.

24. "Underlying insurance" means any policies of insurance listed in the Declarations under the Schedule of "underlying insurance".

25. "Underlying insurer" means any insurer who provides any policy of insurance listed in the Schedule of "underlying insurance".

26. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

27. "Your product":

   a. Means:

      (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

         (a) You;

         (b) Others trading under your name; or

         (c) A person or organization whose business or assets you have acquired; and

      (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

b. Includes:

   (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

   (2) The providing of or failure to provide warnings or instructions.

c. Does not include vending machines or other property rented to or located for the use of others but not sold.

28. "Your work":

   a. Means:

      (1) Work or operations performed by you or on your behalf; and

      (2) Materials, parts or equipment furnished in connection with such work or operations.

   b. Includes:

      (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

      (2) The providing of or failure to provide warnings or instructions.