THE HON. RICARDO S. MARTINEZ

Sarah L. Eversole, WSBA #36335
Wilson Smith Cochran Dickerson
1000 2nd Avenue, Suite 2050
Seattle, WA  98104
(206) 623-4100 P | (206) 623-9273 F
eversole@wscd.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AUSTIN MUTUAL INSURANCE COMPANY, a foreign insurer,<br><br>Plaintiff,<br><br>vs.<br><br>ULI'S FAMOUS SAUSAGE LLC, a Washington Limited Liability Company; and ARIEL JUAREZ GASPAR, an individual,<br><br>Defendants. | No.:  2:26-cv-00456-RSM<br><br>FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF |

## I.    NATURE OF THE ACTION

1.    This is an insurance coverage action seeking declaratory relief pursuant to RCW 7.24.010, wherein the Plaintiff, Austin Mutual Insurance Company (hereafter "AMIC") seeks a determination that there is no liability coverage available to Uli's Famous Sausage LLC (hereinafter "Uli's") under the AMIC policies issued to Uli's, for the claims asserted by Defendant Ariel Juarez Gaspar (hereinafter "Mr. Gaspar") against Uli's, resulting from a workplace injury on July 15, 2024 (hereinafter "the incident"), including the claims alleged by Mr. Gaspar in the lawsuit against Uli's in King County Superior Court, Cause No. 24-2-30050-3 sea (hereinafter "the Underlying Lawsuit").

FIRST AMENDED COMPLAINT FOR
DECLARATORY  RELIEF (Cause No.  2:26-cv-
00456-RSM) – 1

## II. PARTIES

2.    Plaintiff AMIC is a foreign corporation. AMIC is organized under the laws of the state of Minnesota. It's principal place of business is in Jacksonville, Florida. AMIC is authorized to do business and transacts business in this district.

3.    Defendant Uli's is a Washington limited liability company organized under the laws of the state of Washington with its principal office located at 843 Rainier Avenue South, Seattle, Washington, 98144. Defendant Uli's is authorized to do business and does do business in King County, Washington.

4.    Defendant Ariel Juarez Gaspar is a resident of King County, Washington.

## III. JURISDICTION AND VENUE

5.    This Court has jurisdiction over the subject matter of and persons to this litigation pursuant to 28 U.S.C. §1332 (a) because this action is between citizens of different states and the amount in controversy is in excess of the statutory minimum.    Further, the Court has jurisdiction pursuant to RCW 7.24.010, as the relief requested is declaratory in nature and there is a justiciable controversy between the parties.

6.    Venue is appropriate in USDC, Western District, at Seattle pursuant to 28 U.S.C. §1391(b)(1) because this matter arises out of an insurance policy issued in King County, Washington, and defendants are located in King County, Washington, which in this District.

7.    AMIC seeks declaratory relief under the Uniform Declaratory Judgments Act, RCW 7.24.010, *et seq*. AMIC asks the Court to interpret and apply the provisions of the insurance policies described below, and to make a declaration that there is no liability coverage available to Uli's under the subject AMIC policies with respect to claims arising out of the

FIRST AMENDED COMPLAINT FOR
DECLARATORY  RELIEF (Cause No.  2:26-cv-
00456-RSM) – 2

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

workplace injury sustained by Mr. Gaspar on July 15, 2024, including the claims asserted by Mr. Gaspar against Uli's in the Underlying Lawsuit.

## IV.  RELEVANT FACTS

### A.    *The Incident*

8.    On July 15, 2024, Ariel Juarez Gaspar sustained serious injury in an incident at Uli's Famous Sausage facility, when he reached his hand into a running grinding machine in an attempt to unclog the machine and his hand was caught by the machine.

### B.    *Mr. Gaspar's Employment*

9.    At all relevant times, Mr. Gaspar worked as a "sausage stuffer" for Uli's, and at the time of the incident, he was performing this work in the course and scope of his employment/work for Uli's, which is in the business of making sausage.

10.    From approximately August 2019 until the day of the incident, Mr. Gaspar's employment at Uli's was supplied through a company formed by Mr. Gaspar and his brother in 2019, which was registered as a Washington Limited Liability Company named Washington as "Training Stuffer Services LLC," (hereinafter "TSS").

11.    Pursuant to an oral contract between TSS and Uli's, TSS supplied labor of several people including that of Mr. Gaspar, to Uli's for the work of sausage stuffing at Uli's. TSS invoiced Uli's for the labor provided, including that of Mr. Gaspar's, and Uli's paid the invoices.

12.    At the time of the incident and at all relevant times, Mr. Gaspar's hours (40 per week) were set by Uli's, and Uli's directed and controlled Mr. Gaspar's work for Uli's.

FIRST AMENDED COMPLAINT FOR DECLARATORY  RELIEF (Cause No.  2:26-cv-00456-RSM) – 3

WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

13.    After the incident, Uli's was informed by the Department of Labor and Industry ("L&I") that Plaintiff had been reclassified as an injured employee, and L&I compensated Mr. Gaspar for his injuries. Uli's appealed the decision.

14.    A July 17, 2024 email to Uli's from L&I states "In discussing the claim for Ariel Juarez Gaspar, we determined that your 2 full-time contractors, Ariel and Domingo, are under mandatory coverage as they did not pass our Independent Contractor Test." L&I required Uli's pay a penalty and an assessment for workers compensation premium.

15.    The Washington legislature, in IIA Laws of 1911, chapter 74, defines "worker" as "every person in this state who is engaged in the employment of an employer under this title, whether by way of manual labor or otherwise in the course of his or her employment; also every person in this state who is engaged in the employment of or who is working under an independent contract, the essence of which is his or her personal labor for an employer under this title, whether by way of manual labor or otherwise, in the course of his or her employment."

16.    In the Underlying Lawsuit by Mr. Gaspar against Uli's, Mr. Gaspar and Uli's 30(b)(6) representative have both testified that notwithstanding the L&I determination, both Uli's and Mr. Gaspar believe Mr. Gaspar was working as an "independent contractor" at the time he was injured, and that he was not an "employee."  Mr. Gaspar has moved for summary judgment based on this testimony, seeking a declaration from the court he was an "independent contractor" and therefore, Uli's affirmative defense that "Plaintiff's claims are barred by Washington's RCW Title 51 immunity" should be struck.

## C.  The Underlying Lawsuit

17.    Uli's was served with a copy of the Underlying Lawsuit on or around January 30, 2025.  A First Amended Complaint for the Underlying Lawsuit was filed in May of 2025.

FIRST AMENDED COMPLAINT FOR
DECLARATORY  RELIEF (Cause No.  2:26-cv-
00456-RSM) – 4

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

18.     The operative allegations in the Underlying Lawsuit by Mr. Gaspar against Uli's include in summary part as follows:

- On or about 7/15/24, Mr. Gaspar was working as a sausage stuffer at Uli's sausage factory. Mr. Gaspar was an employee of Training Stuffer Services, LLC and considered himself a 1099 worker independent contractor and/or temporary work for Uli's.

- On the same date, another workers at the sausage factory was grinding frozen lamb in a Thompson 900 Series Mixer Mincer owned and/or controlled by Uli's.

- On that same date, Uli's Thompson 900 Series Mixer Mincer jammed multiple times.

- After Uli's Thompson 900 Series Mixer Mincer jammed for approximately the eighth time, the worker operating that machine asked Mr. Gaspar for help unjamming the machine.

- As Mr. Gaspar attempted to assist the worker operating Uli's Thompson 900 Series Mixer Mincer, his hand was pulled into that machine.

- A worker attempted to engage the emergency stop button… but the machine would not stop.  All 5 fingers and a portion of Mr. Gaspar's hand were amputated.

- Prior to Mr. Gaspar's amputation, Uli was aware that safety mechanisms on its Thompson 900 Series Mixer Mincer were broken.

- Instead of fixing the broken safety mechanisms, Uli manipulated its Thompson 900 Series Mixer Mincer to bypass the safety mechanisms that probably would have prevented Mr. Gaspar's amputation.

FIRST AMENDED COMPLAINT FOR
DECLARATORY  RELIEF (Cause No.  2:26-cv-
00456-RSM) – 5

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

- As a result, Uli's Thompson 900 Series Mixer Mincer operated without necessary safety mechanisms that probably would have prevented Mr. Gaspar's amputation for over one year before Mr. Gaspar's amputation.

- Uli's also ignored and/or failed to abide by the Thompson 900 Series Mixer Mincer manual, failed to provide the manual to workers including Mr. Gaspar, and/or train workers on the use of the mincer, or maintain necessary policies/procedures and programs that would have prevented the amputation.

- Uli's failed to provide proper and required personal protective equipment, and failed to inspect, maintain and/or repair the mincer, and failed to warn workers, including Mr. Gaspar of the hazardous nature of the mincer.

- As a result of these and other actions/omissions, Mr. Gaspar sustained serious physical and emotional injuries, and Uli's was fined $33,600 by the Washington Department of Labor and Industries.

19.     The Underlying Lawsuit asserts that Uli breached its duties, the industry standard of care, and the Washington Administrative Code, which were a proximate cause of Mr. Gaspar's injuries and damages.

20.     The Underlying Lawsuit also asserts that Uli "deliberately intended" to produce Plaintiff's injuries.

21.     The Underlying Lawsuit asserts that Uli's is liable to Mr. Gaspar for "negligence" and "gross negligence."

22.     Uli's tendered the defense of Mr. Gaspar's lawsuit to AMIC.  AMIC agreed to defend and has been defending Uli's in the Underlying Lawsuit subject to a subject to a full

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

reservation of rights, including the right to withdraw defense and deny coverage, as well as the right to seek a judicial resolution of coverage issues.

**D.    AMIC Businessowners Policy**

23.    AMIC issued Businessowners Policy No. BPJ 0125S to Uli's (hereinafter referred to as "Liability Policy"), for a policy period of July 1, 2024 to July 1, 2025. A true and correct copy of the relevant portions of the Liability Policy, is attached hereto as **Exhibit A** and incorporated herein by reference.

24.    The Liability Policy insuring agreement provides in relevant part:

> **A. Coverages**
>
> **1. Business Liability**
>
>> **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit that may result…

25.    The Liability Policy includes the following relevant definitions for "you," "bodily injury," "employee," "leased worker," "occurrence," and "temporary worker":

> Throughout this Coverage Form, the words "you" and "your" refer to the Named Insured shown in the Declarations.  The words "we", "us" and "our" refer to the Company providing this insurance.
>
> In Section **II** – Liability, the word "insured" means any person or organization qualifying as such under Paragraph **C.** Who Is An Insured.
> …
>
> **3**. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
> …

WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**5**. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker"
...

**10**. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".
….

**13**. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
...

**19**. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

26.    The oral agreement between Uli's and TSS gave Uli's the right to use Mr. Gaspar's services for periods of time in exchange for a fee. Accordingly, training Stuffer Services, LLC was a "labor leasing firm," under the plain meaning of that term.

27.    As Mr. Gaspar's work (sausage stuffing) that Mr. Gaspar provided to Uli's through TSS consisted of work related to the conduct of Uli's business (sausage making), Mr. Gaspar meets the definition of "leased worker" under the Policy Language referenced above.

28.    As Mr. Gaspar was a "leased worker" at the time of the incident, he satisfies the definition of "employee" under the Liability Policy, based on the policy language referenced at Paragraph 25 above.

29.    For the reasons set forth at Paragraphs 9 through 16 above, Mr. Gaspar may also satisfy the definition of "employee" as defined under Washington's workers compensation laws.

30.    The Liability Policy includes the following exclusions, which provide in relevant part:

FIRST AMENDED COMPLAINT FOR
DECLARATORY RELIEF (Cause No. 2:26-cv-
00456-RSM) – 8

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**B. Exclusions**

**1. Applicable to Business Liability Coverage**

This insurance does not apply to:

**a. Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured…
...

**d. Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e. Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

> **(a)** Employment by the insured; or

> **(b)** Performing duties related to the conduct of the insured's business; or

**…**

This exclusion applies:

> **(1)** Whether the insured may be liable as an employer or in any other capacity; and

> **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

…

FIRST AMENDED COMPLAINT FOR
DECLARATORY  RELIEF (Cause No.  2:26-cv-
00456-RSM) – 9

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

31.    The Underlying Lawsuit alleges Uli's "deliberately intended" to produce Plaintiff's injuries.  To the extent Uli's is liable and awarded damages for deliberate actions by Uli's, there is no indemnity coverage for such an award under the Liability Policy based on exclusion B.1.a, referenced at Paragraph 30 above.

32.    There is no coverage under the Liability Policy for any obligations owed by Uli's under Washington workers' compensation law, based on the exclusion at B.1.d., referenced at Paragraph 30 above.

33.    The Liability Policy, at Endorsement BP 01 06 03 15, modifies the Employer's Liability Exclusion (B.1.e, at Paragraph 30 above) as follows:

**B. Section II – Liability** is amended as follows:

**1**.    Paragraph **B.1.e. Employer's Liability** Exclusion applies only to "bodily injury" to  "employees" of the insured whose employment is not subject to the Industrial Insurance Act of Washington (Washington Revised Code Title 51).

With respect to "bodily injury" to "employees" of the insured whose employment is subject to the Industrial Insurance Act of Washington, Paragraph **B.1.e. Employer's Liability** is  replaced by the following:

**e. Employer's Liability**

**(1)** "Bodily injury" to an "employee" of the insured arising out of and in the course of:

    **(a)** Employment by the insured; or

    **(b)** Performing duties related to the conduct of the insured's business.

**(2)** Any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

FIRST AMENDED COMPLAINT FOR
DECLARATORY  RELIEF (Cause No.  2:26-cv-
00456-RSM) – 10

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

34.     As discussed above, L&I determined after the accident, that Mr. Gaspar met the criteria for an "employee" who would be subject to the Industrial Insurance Act of Washington, and provided compensation for his injury. To the extent Mr. Gaspar's e employment was subject to the Industrial Insurance Act of Washington, the "Employer's Liability" exclusion set forth at B.1.e in Paragraph 33 above, precludes liability coverage to Uli's in this matter.

35.     To the extent that Mr. Gaspar's employment was *not* subject to Washington's Industrial Insurance law (Title 51), the exclusion at B.1.e., referenced at Paragraph 30 above, would preclude liability coverage to Uli's for the incident.

36.     The Liability Policy provides "Stop Gap Employer's Liability Coverage, under Endorsement BP 06 74 07 13.  This endorsement amends the insuring agreement in Section II referenced above, and provides liability coverage up to $1,000,000 for one accident or one employee, as follows:

**A. Coverage – Stop Gap – Employer's Liability**

**1. Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated by Washington law to pay as damages because of "bodily injury by accident" or "bodily injury by disease" to your "employee" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply. We may, at our discretion, investigate any accident and settle any claim or "suit" that may result. But:

      ...

   **b.** This insurance applies to "bodily injury by accident" or "bodily injury by disease" only if:

   **(1)** The:

      ...

FIRST AMENDED COMPLAINT FOR
DECLARATORY  RELIEF (Cause No.  2:26-cv-00456-RSM) – 11

WILSON
SMITH
COCHRAN
DICKERSON

1000 Second Avenue, Suite 2050
Seattle, Washington 98104
Telephone: (206) 623-4100
Fax: (206) 623-9273

**(b)** "Bodily injury by accident" or "bodily injury by disease" arises out of and in the course of the injured "employee's" employment by you; and

**(c)** "Employee", at the time of the injury, was covered under a workers' compensation policy and subject to a "workers' compensation law" of Washington; and

**(2)** The:

**(a)** "Bodily injury by accident" is caused by an accident that occurs during the policy period; or

…

**c.** The damages we will pay, where recovery is permitted by law, include damages:

**(1)** For:

**(a)** Which you are liable to a third party by reason of a claim or "suit" against you by that third party to recover the damages claimed against such third party as a result of injury to your "employee";

**(b)** Care and loss of services; and

**(c)** Consequential "bodily injury by accident" or "bodily injury by disease" to a spouse, child, parent, brother or sister of the injured "employee";

provided that these damages are the direct consequence of "bodily injury by accident" or "bodily injury by disease" that arises out of and in the course of the injured "employee's" employment by you; and

**(2)** Because of "bodily injury by accident" or "bodily injury by disease" to your "employee" that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

….

37.     With respect the Employer's Stop Gap coverage referenced at Paragraph 36 above, the following definitions are added to the **Liability And Medical Expenses Definitions** section:

**1.**     "Workers' compensation law" means the Workers' Compensation Law and any Occupational Disease Law of Washington. This

FIRST AMENDED COMPLAINT FOR
DECLARATORY RELIEF (Cause No. 2:26-cv-00456-RSM) – 12



WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

does not include provisions of any law providing nonoccupational disability benefits.

2.  "Bodily injury by accident" means bodily injury, sickness or disease sustained by a person, including death, resulting from an accident. A disease is not "bodily injury by accident" unless it results directly from "bodily injury by accident".

3.  "Bodily injury by disease" means a disease sustained by a person, including death. "Bodily injury by disease" does not include a disease that results directly from an accident.
    ….

**H**. For the purposes of this endorsement, the definition of "bodily injury" does not apply.

38.     Based on the policy language and facts set forth in the Paragraphs 9 through 16, and 25-29 above, Mr. Gaspar was an "employee" of Uli's at the time of the accident under the Policy terms.

39.     Pursuant to the policy terms referenced in Paragraph 36 above, the "Stop Gap" coverage would not apply if Mr. Gaspar was not an "employee" <u>or</u> if his injury did not arise "out of and in the course of the injured "employee's" employment, or if, "<u>at the time of the injury</u>" Mr. Gaspar was not "covered under a workers' compensation policy and subject to a "workers' compensation law" of Washington."

40.     At the time of the accident, Mr. Gaspar was not covered under any "workers compensation policy." However, L&I determined <u>after the accident</u>, that Mr. Gaspar satisfied the definition of "employee" and not "independent contractor" and assessed a penalty and unpaid industrial insurance premium against Uli's, and it also permitted Mr. Gaspar to receive compensation for his injury.

41.     The Stop Gap coverage referenced at Paragraph 36 above, provides that the "damages" AMIC "will pay, where recovery is permitted by law, includes damages" 1) for

FIRST AMENDED COMPLAINT FOR
DECLARATORY  RELIEF (Cause No.  2:26-cv-
00456-RSM) – 13

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

which Uli's is liable to a "third party" by reason of a claim or suit against Uli's by that third

party, for damages against such third party as a result of injury to Uli's "employee"; and/or for

2) "care and loss of services" and/or for 3) bodily injury or disease to a spouse, child, parent,

brother or sister of the injured "employee." Mr. Gaspar's lawsuit against Uli's seeks damages

for Mr. Gaspar's own injuries. The Underlying Lawsuit does not seek damages for which Uli's

is liable to any third party as a result of injury to Uli's employee. The Underlying Lawsuit also

does not seek damages for loss of care or loss of services, or damages for injury to a spouse,

child, parent, brother or sister, of Mr. Gaspar.

42.    The Stop Gap Employer's Liability Coverage is also subject to the following

relevant exclusions:

**2. Exclusions Applicable To Stop Gap – Employer's Liability Coverage**

This insurance does not apply to:

**a. Intentional Injury**

"Bodily injury by accident" or "bodily injury by disease" intentionally caused or aggravated by you, or "bodily injury by accident" or "bodily injury by disease" resulting from an act which is determined to have been committed by you if it is reasonable to believe that an injury is substantially certain to occur.
….

**c. Statutory Obligations**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.
….

**g.  Failure To Comply With Workers' Compensation Law**

"Bodily injury by accident" or "bodily injury by

WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

disease" to an "employee" when you are:
(1) Deprived of common law defenses; or
(2) Otherwise subject to penalty;
because of your failure to secure your
obligations or other failure to comply with
any "workers' compensation law".

…

**j. Punitive Damages**

Multiple, exemplary or punitive damages.

….

43.    The Underlying Lawsuit alleges Uli's "deliberately intended" to produce Plaintiff's injuries.  The Underlying Lawsuit also asserts that Uli breached its duties, the industry standard of care, and the Washington Administrative Code, which were a proximate cause of Mr. Gaspar's injuries and damages, and which resulted in fines by L&I.  To the extent Uli's is liable and awarded damages for deliberate actions by Uli's, or for punitive damages, or for any statutory obligations owed under workers compensation law, or arising out of its failure to comply with Workers' Compensation law, there is no indemnity coverage for such awards under the Liability Policy based on exclusions 2.a, c., g. and j., referenced at Paragraph 42 above.

44.    L&I determined after Mr. Gaspar's injury, that Mr. Gaspar did not meet the criteria for "independent contractor," and reclassified Mr. Gaspar as an "employee" of Uli's. L&I also required Uli's pay a penalty and assessment for unpaid workers' compensation premiums that Uli's should have been paying for Mr. Gaspar (and another employee). Additionally, in the Underlying Lawsuit, Mr. Gaspar seeks a ruling that because both Mr. Gaspar and Uli's testified that they believed Mr. Gaspar to be an independent contractor and

FIRST AMENDED COMPLAINT FOR
DECLARATORY  RELIEF (Cause No.  2:26-cv-
00456-RSM) – 15

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

not an "employee," Uli's affirmative defense of "industrial immunity" under Title 51, should be struck.

45.     Uli's apparent failure to comply with workers compensation law subjected Uli's to penalties assessed by L&I, and may preclude Uli's from relying on Title 51 immunity.

46.     Pursuant to the exclusion at 2.g. in Paragraph 42 above, the "Stop Gap" coverage does not apply to liability for Mr. Gaspar's bodily injury when Uli's is 1) deprived of common law defenses; or 2) Otherwise subject to penalty; because of Uli's failure to secure obligations or other failure to comply with any "workers' compensation law."

47.     Based on the facts and the applicable definitions, terms and exclusions set forth in Paragraphs 9  through  46 above, Uli's is not entitled to coverage under the AMIC Liability Policy for the claims arising from Mr. Gaspar's injury on July 15, 2024, including the claims asserted by Mr. Gaspar against Uli's in the Underlying Lawsuit.

E.     **AMIC Umbrella Policy**

48.     AMIC issued Umbrella Policy, CUJ01255, to Uli's, for a policy period of July 1, 2024 to July 1, 2025 (hereinafter the "Umbrella Policy"). A true and correct copy of the relevant portions of the Umbrella Policy, is attached hereto as **Exhibit B** and incorporated herein by reference.

49.     The Commercial Liability Umbrella policy contains multiple provisions that are substantially the same as those contained in the Liability Policy provisions referenced above.

50.     The Umbrella Policy's Insuring Agreement provides in relevant part:

> SECTION I --- - COVERAGES
> COVERAGE A --- - BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> **1.  Insuring Agreement**

FIRST AMENDED COMPLAINT FOR
DECLARATORY  RELIEF (Cause No.  2:26-cv-
00456-RSM) – 16

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**a.**   We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit" for which we have the duty to defend.

…

**b.** This insurance applies to "bodily injury" or "property damage" that is subject to an applicable "retained limit". If any other limit, such as a sublimit, is specified in the "underlying insurance", this insurance does not apply to "bodily injury" or "property damage" arising out of that exposure unless that limit is specified in the Declarations under the Schedule of "underlying insurance".

**c.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

51.   The Umbrella Policy contains the following definitions:

**3.**   "Bodily injury" means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

…

FIRST AMENDED COMPLAINT FOR
DECLARATORY RELIEF (Cause No. 2:26-cv-00456-RSM) – 17

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**6.**     "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

..

**10.**    "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

…

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

52.     For the reasons set forth at Paragraphs 9 through 16 and 25 through 29 above, and the policy language set forth at Paragraph 50-51 above, Mr. Gaspar was an "employee" of Uli's at the time of the incident under the policy terms.

53.     Umbrella Policy includes the following applicable exclusions:

**2.**     **Exclusions**

This insurance does not apply to:

**a.**     **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured….

. . .

**d.**     **Workers' Compensation And Similar Laws**
Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

…

**g.**     **Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:
  **(a)**     Employment by the insured; or
  **(b)**     Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

FIRST AMENDED COMPLAINT FOR
DECLARATORY RELIEF (Cause No. 2:26-cv-
00456-RSM) – 18

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

This exclusion applies whether the insured may be  liable  as  an  employer or  in  any  other  capacity,  and  to  any  obligation  to  share  damages with or repay someone else who must pay damages because of the injury.

…

This exclusion does not apply to the extent that valid "underlying  insurance" for  the employer's liability risks described above exists  or  would  have existed  but  for  the  exhaustion  of underlying  limits  for  "bodily  injury".  To the  extent  this  exclusion  does  not  apply,  the  insurance  provided  under this Coverage Part for  the  employer's  liability risks described above will follow  the  same  provisions, exclusions  and  limitations that  are  contained in the  applicable  "underlying  insurance",  unless otherwise directed by this insurance.

54.     To the extent Uli's is liable and awarded damages for deliberate actions by Uli's, there is no indemnity coverage for such an award under the Umbrella Policy based on exclusion 2.a, referenced at Paragraph 53 above.

55.     There is no coverage under the Umbrella Policy for any obligations owed by Uli's under Washington workers' compensation law, based on the exclusion at 2.d., referenced at Paragraph 53 above.

56.     Because Mr. Gaspar was an "employee" of Uli's, the "Employer's Liability" exclusion at 2.g. in Paragraph 53 above, precludes liability coverage to Uli's under the Umbrella policy.

57.     Based on the applicable facts set forth at Paragraphs 9 through 16 and 25 through 29 above, and the applicable definitions, terms and exclusions set forth at Paragraphs 50 through 51 above, Uli's is not entitled to liability coverage under the Umbrella Policy for the incident, including the claims asserted by Mr. Gaspar against Uli's in the Underlying Lawsuit.

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

### V.    CLAIM FOR DECLARATORY RELIEF

58.    AMIC hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

59.    An actual, present, and bona fide justiciable controversy exists between AMIC and the Defendants with respect to whether there is liability coverage available to Uli's under the subject AMIC policies with respect to claims against Uli's arising out the incident, including the claims asserted in the Underlying Lawsuit.

60.    A judicial declaration is necessary to establish the rights and duties, if any, of AMIC and the Defendants under the insurance policies issued by AMIC.

61.    AMIC is entitled to a declaration that there is no liability coverage available to Uli's under the subject AMIC policies with respect to the claims arising out of the incident, including the claims asserted in the Underling Lawsuit.

### VI.    PRAYER FOR RELIEF

WHEREFORE, AMIC prays for relief that includes, but is not limited to the following:

1.    A declaratory judgment that there is no liability coverage available to Uli's under the subject AMIC policies with respect to claims alleged against Uli's by Mr. Gaspar, or otherwise arising out of the injury sustained by Mr. Gaspar on July 15, 2024, including those claims alleged in the Underlying Lawsuit.

2.    A judgment in favor of AMIC for its taxable costs and disbursements herein; and

3.    For such other and further relief as the Court deems just and equitable.

FIRST AMENDED COMPLAINT FOR
DECLARATORY RELIEF (Cause No. 2:26-cv-
00456-RSM) – 20

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

1      DATED this 2nd day of March, 2026.

2

3                    *s/ Sarah L. Eversole*

4                    Sarah L. Eversole, WSBA #36335

5                    WILSON SMITH COCHRAN DICKERSON

                      1000 2nd Avenue, Suite 2050

6                    Seattle, WA  98104

7                    (206) 623-4100 P | (206) 623-9273 F

                      eversole@wscd.com

8                    Of Attorneys for Plaintiff AMIC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26



WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

1

**CERTIFICATE OF ELECTRONIC SERVICE**

2

3

I hereby certify that on the date set forth below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

4

5

DATED this 2nd day of March, 2026.

6

7

*s/ Traci Jay*
Traci Jay

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FIRST AMENDED COMPLAINT FOR
DECLARATORY  RELIEF (Cause No.  2:26-cv-
00456-RSM) – 22



WILSON
SMITH
COCHRAN
DICKERSON

1000 Second Avenue, Suite 2050
Seattle, Washington 98104
Telephone: (206) 623-4100
Fax: (206) 623-9273